UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| **ESAD MUHELJIC** ] | |
|     **Petitioner,** ] | |
| ] | |
| v. ] | No. 3:10-1101 |
| ] | Judge Trauger |
| **TENNESSEE BOARD OF PROBATION** ] | |
| **AND PAROLE** ] | |
|     **Respondent.** ] | |


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2241 against the Tennessee Board of Probation and Parole, seeking a writ of habeas corpus.

The petitioner was convicted of burglary in White County, Tennessee. In November, 2009, he was released from prison on parole. While on parole, he was arrested in Bristol, Virginia and charged with receiving stolen goods.

The petitioner waived extradition and was returned to Tennessee to serve the remainder of his sentence. He claims that his confinement is illegal because the respondent never conducted a parole revocation hearing in violation of his right to due process.

Upon its receipt, the Court examined the petition (Docket

1

Entry No.1) and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 7) was entered directing the respondent to file an answer, plead or otherwise respond to the petition.

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No.13), to which the petitioner has offered no reply. Having carefully considered the petition and respondent's Motion to Dismiss, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require.

The respondent asserts that this action is subject to dismissal because the petitioner has failed to first exhaust his state remedies.

A § 2241 petition for federal habeas corpus relief will not be considered unless the petitioner first exhausts all available state court remedies for each claim presented in his petition. Hamm v. Saffle, 300 F.3d 1213, 1216 (6th Cir.2002). The petitioner bears the burden of proving that he has exhausted those remedies. Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994).

The petitioner acknowledges that he has not sought to adjudicate his due process claims in the state courts prior to

initiating this action. Docket Entry No.1 at pg.2. He argues, however, that state court relief is not available for these claims. *Id.* at pg.3.

The actions or inactions of the Tennessee Board of Probation and Parole may be challenged via a petition for common law writ of certiorari. <u>Willis v. Tennessee Department of Correction</u>, 113 S.W.3d 706,712 (Tenn.2003). Since the petitioner admits that he did not seek such review and there is no claim that such review would be futile, the petitioner has failed to exhaust his state remedies.

When a habeas corpus petitioner has failed to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. <u>Rose v. Lundy</u>, 455 U.S. 509,518-20 (1982). Therefore, an appropriate order will be entered granting the respondent's Motion and dismissing this action without prejudice so as to allow the petitioner an opportunity to exhaust available state court remedies.

_____
Aleta A. Trauger
United States District Judge